Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lee Dozier,<br><br>        Plaintiff,<br>  v.<br><br>Chi Mai and Hang Bui,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

Plaintiff Lee Dozier ("Plaintiff") alleges the following:

## **INTRODUCTION**

1. Plaintiff brings this action against Chi Mai and Hang Bui ("Defendants") for unlawfully discriminating against Plaintiff because of his disability at the commercial real property commonly known address 1601 Standiford in Modesto, California ("Property") where the Del Taco is located and operated ("Del Taco").

2. Plaintiff seeks damages, injunctive, and declaratory relief, attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990 ("ADA") and related California statutes.

## **PARTIES**

3. Plaintiff is a natural person. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

4. Defendants are believed to be natural persons who are residents of Milpitas, California. Defendants own and/or operate the Property where the Del Taco is located.

## JURISDICTION

5. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1331 and 1343 for violations of the Americans with Disabilities Act of 1990.

6. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California law.

## VENUE

7. Venue is proper in this court pursuant to 28 U.S.C. 1391 and is founded on the fact that the Property is in this district and that Plaintiff's claims arose in this district.

## FACTUAL ALLEGATIONS

8. Plaintiff is 80 years old.

9. Plaintiff's wife suffered from a stroke in 2022, and Plaintiff spends a large amount of his time caring for his wife.

10. Plaintiff is also disabled. He used to work in construction building houses.

11. Construction work can cause a disability over time. One way is through repetitive strain injuries, which can occur when a person performs the same task over and over again, such as using a tool or lifting heavy objects. This can lead to pain and stiffness in the joints and muscles, and can eventually lead to a loss of function in the affected body part. Construction work can be physically demanding, and can put a lot of strain on the body. And this can lead to injuries such as sprains and strains, and can increase the risk of developing chronic conditions such as back pain or arthritis.

12. Plaintiff's past construction work took a toll on his body. As a result, Plaintiff has significant mobility issues, including a bad back.

13. Plaintiff utilizes a ride-on scooter to help get around on a day-to-day basis when he finds it otherwise too difficult to walk on his own.

14. Plaintiff's symptoms limit, some substantially, his major life activities.

15. A bad back can substantially limit a person's major life activities by making it difficult for them to engage in physical activities and maintain a good quality of life. For example, if a person has chronic back pain, it can make it difficult for them to perform physical activities, such as walking,

standing, or lifting objects. This can make it difficult for them to engage in activities that require physical exertion, such as sports or exercise, and can limit their ability to participate in activities that they enjoy.

16. Furthermore, a bad back can also cause emotional and mental distress. Chronic pain can lead to feelings of frustration, anxiety, and depression, which can affect a person's overall quality of life.

17. Plaintiff utilizes a ride-on scooter to help get around on a day-to-day basis when he finds it otherwise too difficult to walk on his own.

18. On April 27, 2023, Plaintiff personally visited the Del Taco located at 1601 Standiford in Modesto, California. Plaintiff purchased a soft taco for lunch.

19. Plaintiff personally encountered a complete lack of accessible parking at the Del Taco. While it appears that Defendants may have attempted at one point to provide accessible parking, the purportedly accessible parking spaces are in a state of complete disrepair.

20. Plaintiff also alleges that there are the following accessibility barriers at the Property:
   a. The path of travel from the public way sidewalk has cross slopes that are greater than 2% and has changes in level greater than ½ an inch high.
   b. The transition at the curb ramp has gap that is too wide, about 1 inch, and a significant change in level.
   c. The purported accessible parking that it is at the Property is woefully inadequate and in state of disrepair: the access aisle is not outlined with blue striping, the cross hatching in the accesses aisle is faded, the purported accessible parking space is less than 18 feet long, and the purported accessible parking space has slopes greater than 2%.
   d. One of the curb ramps in path of travel has side flare slopes up to 24.5%, which is too steep.
   e. The Del Taco also has seating that is apparently fixed to the Property on the exterior patio, but it does not have any accessible tables.
   f. Inside, the sales counter is too high at 36 inches.
   g. In the bathroom, the top of the sink in the bathroom is higher than 34 inches above the

floor, the drainpipe of the sink is not fully insulated, and the seat cover dispenser is above the toilet in an inaccessible location.

21. Maintaining pathways and public sidewalks within the appropriate standards is crucial for accessibility. Cross slopes greater than 2% and changes in level beyond ½ an inch can create hurdles for those with mobility impairments, including wheelchair and sit-on scooter users. Smooth, level surfaces are vital to ensure safe and independent mobility for everyone, including those using mobility aids. Similarly, transitions at curb ramps should be designed carefully; a gap that is too wide, such as 1 inch, or a significant change in level, can make navigation difficult and potentially hazardous.

22. Moreover, the construction and maintenance of curb ramps are essential to allow safe passage for all individuals. A side flare slope up to 24.5% is far too steep. Excessively steep ramps can create significant challenges and safety risks for people with mobility issues, including potential tipping hazards for wheelchair users.

23. The lack of accessible tables on an exterior patio equates to a lack of equal access to dining options for all customers. It is paramount to ensure that all public spaces within an establishment, including outdoor seating areas, are inclusive and accessible to all patrons.

24. Furthermore, interior elements such as sales counters and bathroom amenities should be accessible. A sales counter at 36 inches high, or a sink top higher than 34 inches from the floor, can render these facilities inaccessible to individuals of shorter stature or those using wheelchairs or sit-on scooters.

25. Finally, insulation of bathroom drainpipes and the appropriate placement of seat cover dispensers are important. An uninsulated drainpipe may cause burns if a person's legs or knees come into contact with hot water pipes under the sink. Inaccessibly placed seat cover dispensers can create undue hardship for individuals who cannot easily reach or access them.

26. Del Taco and the Property are public accommodations and business establishments.

27. The Property is believed to have undergone construction and/or alterations, structural repairs, or additions since July 1, 1970 and/or July 1, 1982.

28. Because of barriers at the Property, Plaintiff's full access to the facilities, goods, and services at the Property and Del Taco were hampered, causing him difficulty, discomfort, and/or

embarrassment.

29. Plaintiff has suffered and continues to suffer violations of his civil rights to full and equal enjoyment of goods, services, facilities, and privileges, and has suffered and will suffer embarrassment and humiliation.

30. Plaintiff would like to return to the Del Taco. Plaintiff lives less than two miles from the Del Taco, and he really enjoys the food offered at Del Taco. Plaintiff will definitely be back once Defendant fixes its accessible parking and other ADA problems identified above.

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

Against all Defendants

31. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

32. Defendants has denied Plaintiff full and equal enjoyment and use of the goods, services, facilities, privileges, and accommodations of Defendants' Property and the Del Taco.

### Failure to Remove Architectural Barriers at an Existing Property

33. Defendants has failed to remove architectural barriers, which are structural in nature, where it is reasonably achievable, without much difficulty or expense, and the cost of removing the architectural barriers does not exceed the benefits under these particular circumstances.

34. For those barriers where it is not reasonably achievable to remove them, if any, Defendants has failed to make the goods, services, facilities, or accommodations available through alternative methods that are readily achievable.

### Failure to Design and Construct an Accessible Property

35. The improvements on the Property where the Del Taco is located are believed to have been designed and constructed, or both, after January 26, 1993, independently triggering access requirements under Title III of the ADA.

36. Defendants violated the ADA by failing to design and construct the facilities on the Property and at the Del Taco in a manner that was readily accessible to the physically disabled public,

including Plaintiff, when it was structurally practical to do so.

### Failure to Make an Altered Facility Accessible

37. Plaintiff believes and alleges that the Property was modified after January 26, 1993, independently triggering access requirements under the ADA.

38. The ADA requires properties altered in a manner that affects or could affect its usability be made easily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).

39. Defendants altered the Property in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – the maximum extent possible.

### Failure to Maintain Accessible Features

40. Defendants violated the ADA by failing to maintain in operable and working condition those features of the Property that are required to be readily accessible to and be usable by persons with disabilities.

41. Defendants' failure in maintaining the Property in an accessible condition was not an isolated or temporary interruption in service or access due to maintenance or repairs.

42. The configuration and condition of Defendants' Property denied Plaintiff a public accommodation due to Plaintiff's disability.

43. It is readily achievable for Defendants to remove the architectural barriers.

44. Defendants does not have any legitimate business justification to excuse the condition and configuration of the Property.

45. Defendants' violations are the cause of suffering for Plaintiff.

46. Plaintiff prays for all relief available under the ADA, including injunctive relief that prohibits violations complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities, as well as attorney's fees, costs, and other expenses for these violations.

//
//
//

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

Against all Defendants

47. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

48. As described above, Defendants intentionally discriminated against Plaintiff during his visit to the Property.

49. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

50. Defendants violated the ADA.

51. Defendants' acts and omissions are in violation of the Unruh Civil Rights Act, and have denied to Plaintiff his rights to "full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

52. Plaintiff was harmed.

53. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

54. As a result of the violation of Plaintiffs civil rights, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

55. Plaintiff also seeks to enjoin Defendants from violating disabled persons' rights.

56. Although the plaintiff encountered frustration and difficulty by facing discriminatory barriers, even manifesting itself with minor and fleeting physical symptoms, the plaintiff does not value this physical personal injury greater than the amount of the statutory damages.

## PRAYER

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendants to cease the discrimination against disabled persons and remove all accessibility barriers that relate to Plaintiff's disability;

2. Damages under the Unruh Civil Rights Act of no less than $25,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52 and/or Code of Civil Procedure section 1021.5, expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: May 16, 2023            Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff