1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LEE DOZIER,                              1:23-cv-00759-DAD-CKD

12              Plaintiff,                     ORDER TO SHOW CAUSE

13        v.

14   CHI MAI, ET AL.

15              Defendants.

16

17

18        On May 16, 2023, plaintiff filed this action asserting violations of the Americans with

19   Disabilities Act (ADA) and Unruh Civil Rights Act.  (ECF No. 1.)  These claims stem from

20   alleged barriers plaintiff encountered while he visited a facility owned, operated, or leased by

21   defendant Chi Mai ("defendant"). (See generally, id.)

22        On November 22, 2023, after defendant failed to respond to the complaint, the clerk's

23   office entered default.  (ECF No. 15.)  Plaintiff moved for default judgment against defendant on

24   January 16, 2024, and set a hearing for February 21, 2024.  (ECF No. 18.)  Defendant did not file

25   any opposition to the motion, and the undersigned took plaintiff's motion under submission and

26   vacate the motion hearing date.[1]  (ECF No. 22.)

27   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

[1] On February 20, 2024, defendant, proceeding without counsel, filed a document entitled "Notice

28   of Dishonor."  (ECF No. 23, Notice of Inquiry.)  However, defendant has not filed a response to

1

1    In an action over which a district court possesses original jurisdiction, that court "shall

2 have supplemental jurisdiction over all other claims that are so related to claims in the action

3 within such original jurisdiction that they form part of the same case or controversy under Article

4 III of the United States Constitution." 28 U.S.C. § 1367(a).  Even if supplemental jurisdiction

5 exists, however, district courts have discretion to decline to exercise supplemental jurisdiction. 28

6 U.S.C. § 1367(c).

7    California, in response to the substantial volume of claims asserted under the Unruh Act

8 and the concern that high-frequency litigants may be using the statute to obtain monetary relief

9 for themselves without accompanying adjustments to locations to assure accessibility to others,

10 enacted filing restrictions designed to address that concern.  Arroyo v. Rosas, 19 F.4th 1202,

11 1211–12 (9th Cir. 2021).  These heightened pleading requirements apply to actions alleging a

12 "construction-related accessibility claim," which California law defines as "any civil claim in a

13 civil action with respect to a place of public accommodation, including but not limited to, a claim

14 brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any

15 construction-related accessibility standard."  Cal. Civ. Code § 55.52(a)(1).

16    California imposes additional limitations on "high-frequency litigants," defined as:

17    A plaintiff who has filed 10 or more complaints alleging a construction-
related accessibility violation within the 12-month period immediately
18    preceding the filing of the current complaint alleging a construction-related
accessibility violation.
19

20 Cal. Civ. Proc. Code § 425.55(b)(1).  The definition of "high-frequency litigant" also extends to

21 attorneys.  See Cal. Civ. Proc. Code § 425.55(b)(2).  "High-frequency litigants" are subject to a

22 special filing fee and further heightened pleading requirements.  See Cal. Gov. Code § 70616.5;

23 Cal. Civ. Proc. Code § 425.50(a)(4)(A).  By enacting restrictions on the filing of construction-

24 related accessibility claims, California has expressed a desire to limit the financial burdens

25 California's businesses may face for claims for statutory damages under the Unruh Act.  See

26 Arroyo, 19 F.4th at 1206-07, 1212; Gilbert, 2023 WL 2239335, *2.  The Ninth Circuit has also

27 expressed "concerns about comity and fairness" by permitting plaintiffs to circumvent

28 plaintiff's complaint, opposed plaintiff's motion, or sought to vacate the entry of default.

2

1    "California's procedural requirements."  <u>Vo v. Choi</u>, 49 F.4th 1167, 1171 (9th Cir. 2022).

2    Plaintiffs who file these actions in federal court evade these limits and pursue state law damages

3    in a manner inconsistent with the state law's requirements.  <u>See generally</u>, <u>Arroyo</u>, 19 F.4th at

4    1211–12; <u>Vo</u>, 49 F.4th at 1171–72.  For this reason, district courts in California routinely decline

5    to exercise supplemental jurisdiction over Unruh Act claims filed by high-frequency litigants.

6    <u>See e.g.</u>, <u>Escobedo v. Singh</u>, 2024 WL 1096056, at *1 (E.D. Cal. Mar. 13, 2024); <u>Neal v. Pac.</u>

7    <u>Cap. LLC</u>, 2024 WL 776582, at *5 (C.D. Cal. Feb. 20, 2024); <u>Sepulveda v. Taqueria y Carniceria</u>

8    <u>Martinez LLC</u>, 2024 WL 69066, at *2 (N.D. Cal. Jan. 5, 2024).

9        Here, a review of plaintiff's prior cases from within this district shows that he has filed ten

10    or more complaints alleging a construction-related accessibility violation within the twelve-month

11    period immediately preceding the filing of the current complaint.  The court thus orders plaintiff

12    to show cause why the court should not decline to exercise supplemental jurisdiction over

13    plaintiff's Unruh Act claim.  <u>See</u> 28 U.S.C. § 1367(c); <u>Vo</u>, 49 F.4th at 1167 (holding the district

14    court properly declined to exercise supplemental jurisdiction in a joint Unruh Act and ADA case).

15        Accordingly, within fourteen (14) days of service of this order, plaintiff shall show cause,

16    in writing, why the court should not decline to exercise supplemental jurisdiction over plaintiff's

17    Unruh Act claim.  Plaintiff is warned that a failure to respond may result in a recommendation to

18    dismiss of the entire action without prejudice.  Fed. R. Civ. P. 41(b) (stating that dismissal is

19    warranted "[i]f the plaintiff fails to . . . comply with . . . a court order"); <u>see</u> <u>also</u> <u>Hells Canyon</u>

20    <u>Pres. Council v. U.S. Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir. 2005).  Further, an inadequate

21    response may result in the undersigned recommending that supplemental jurisdiction over

22    plaintiff's Unruh Act claim be declined and that the Unruh claim be dismissed without prejudice

23    pursuant to 28 U.S.C. § 1367(c).

24    ////

25    ////

26    ////

27    ////

28    ////

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1.  Within fourteen (14) days of service of this order, plaintiff show cause, in writing, why the court should not decline to exercise supplemental jurisdiction over plaintiff's Unruh Act claim.

2.  Plaintiff is warned that a failure to respond may result in a recommendation to dismiss of the entire action without prejudice.

Dated:  March 21, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21,dozi.0759

4