UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE DOZIER,<br><br>    Plaintiff,<br><br>    v.<br><br>CHI MAI, ET AL.,<br><br>    Defendants. | 1:23-cv-00759-DAD-CKD<br><br>FINDINGS AND RECOMMENDATIONS |

On May 16, 2023, plaintiff Lee Dozier ("plaintiff") filed this action asserting violations of the Americans with Disabilities Act (ADA) and Unruh Civil Rights Act.[1] (ECF No. 1.) Presently pending before the court is plaintiff's motion for default judgment against defendant Chi Mai ("defendant").[2] (ECF No. 18.)

For the reasons discussed below, the court now recommends that plaintiff's motion for default judgment be granted in part and denied in part.

---

[1] This motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Local Rule 302(c)(19). After defendant failed to file an opposition to the motion in accordance with Local Rule 230(c), the motion was submitted on the record and written briefing pursuant to Local Rule 230(g). (ECF No. 22.)

[2] Plaintiff named Chi Mai and Hang Bui as defendants in this action. (ECF No. 1.) On January 16, 2024, plaintiff voluntarily dismissed Hang Bui from this action and on January 17, 2024, Hang Bui was terminated. (ECF Nos. 17, 20.)

1

I. Background

A. Allegations in Complaint

Plaintiff is a physically disabled man who relies on a scooter for mobility. (ECF No. 1 at ¶¶ 10-17.) Defendant owns or operates the Del Taco restaurant ("the facility") located at 1601 Standiford Avenue in Modesto, California. (Id. at ¶¶ 1, 4.) Plaintiff alleges that on or about April 27, 2023, he visited the facility to buy lunch and personally encountered a complete lack of accessible parking. (Id. at ¶¶ 18, 19.)

Plaintiff's complaint identifies the following accessibility barriers at the facility: a) the path of travel from the public way sidewalk has cross slopes that are greater than 2% and has changes in level greater than ½ an inch high; b) the transition at the curb ramp has a gap that is too wide and a significant change in level; c) the access aisle in the parking area is not outlined with blue striping, the cross hatching in the aisle is faded, the purported accessible parking space is less than 18 feet long, and the purported accessible parking space has slopes greater than 2%; d) one of the curb ramps in path of travel has side flare slopes up to 24.5%, which is too steep; e) the exterior patio does not have any accessible tables; f) the inside sales counter is too high at 36 inches; and g) the top of the sink in the bathroom is higher than 34 inches above the floor, the drainpipe of the sink is not fully insulated, and the seat cover dispenser is above the toilet in an inaccessible location. (Id. at ¶ 20.)

B. Procedural Background

On May 16, 2023, plaintiff filed this action against defendant Chi Mai. (ECF No. 1.) On August 10, 2023, plaintiff was granted an extension of time to complete service on defendants. (ECF No. 6.) On October 31, 2023, plaintiff filed a proof of service, indicating that defendant was served on October 29, 2023. (ECF No. 12.) On November 22, 2023, after defendant failed to respond to the complaint, the clerk's office entered default. (ECF No. 15.) Plaintiff moved for default judgment against defendant on January 16, 2024, and set a hearing for February 21, 2024. (ECF No. 18.)

///

///

Defendant did not file any opposition to the motion, and the undersigned took plaintiff's motion under submission and vacated the motion hearing date.[3]  (ECF No. 22.)

II. Order to Show Cause

On March 21, 2024, the court ordered plaintiff to show cause why the court should not decline to exercise supplemental jurisdiction over plaintiff's Unruh Act claim due. (ECF No. 24 at 2-3, citing Cal. Civ. Proc. Code § 425.55(b)(1) and noting that plaintiff filed ten or more complaints alleging a construction-related accessibility violation within the twelve-month period immediately preceding the filing of the current complaint).

In response, plaintiff told the court that he had not in fact filed 10 or more complaints alleging a construction related accessibility violation within the 12-month period immediately preceding the filing of the current complaint.  (ECF No. 26 at 1.)  Rather, plaintiff asserted that he filed only the following nine ADA/Unruh Act lawsuits in addition to the instant matter during the relevant period:

1. Dozier v. Modesto Retail Group, 1:22-cv-01325-ADA-SAB (E.D. Cal. Oct.18, 2022);
2. Dozier v. Vintage Plaza Properties, 1:22-cv-01618-JLT (E.D. Cal. Dec. 16, 2022);
3. Dozier v. C. W. Brower Inc., 2:22-cv-02315-CKD (E.D. Cal. Dec. 30, 2022);
4. Dozier v. Kathryn Ann Flossman, et al. 1:23-cv00072-ADA-SKO (E.D. Cal. Jan. 16, 2023);
5. Dozier v. C. W. Brower Inc., 1:23-cv-00103-EPG (E.D. Cal. Jan. 24, 2023);

---

[3] On February 20, 2024, defendant, proceeding without assistance of counsel, filed a document entitled "Notice of Dishonor."  (ECF No. 23.)  On March 27, 2024 and April 15, 2024, defendant filed a "Non-Negotiable Notice of Acceptance" requesting discharge from this action. (ECF Nos. 25, 27.) In the "Non-Negotiable Notice of Acceptance," defendant states, "I do not argue the facts, jurisdiction, law or venue. I request discharge." (ECF No. 25 at 1.)  Pursuant to Federal Rule of Civil Procedure 55, a district court may set aside entry of default for "good cause," and "it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "To determine good cause, a court must consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice" the other party." United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010). Here, defendant has not asserted the existence of a meritorious defense and therefore has not shown good cause. Thus, even liberally construed as a request to set aside default judgment, defendant has not met the requisite standard.

3

  6. <u>Dozier v. Sanad LLC.</u>, 1:23-cv-00267-SKO (E.D. Cal. Feb. 22, 2023);

  7. <u>Dozier v. Gasco Inc.</u>, 1:23-cv-00606-JLT-HBK (E.D. Cal. Apr. 19, 2023);

  8. <u>Dozier v. Harnam Singh, et al.</u>, 1:23-cv-00736-JLT-SKO (E.D. Cal. May 12, 2023);

  9. <u>Dozier v. Condit Properties, LLC</u>, 1:23-cv-00758-BAM (May 16, 2023).

Upon the court's review of plaintiff's response and its own case management system, plaintiff's list is one case short. Plaintiff does not account for <u>Dozier v. C. W. Brower Inc.</u>, 1:23-cv-00184-JLT-EPG (E.D. Cal. Dec.30, 2022), which was filed on plaintiff's behalf by counsel in this case during the relevant time period and which alleges construction related accessibility violations. Thus the court finds that plaintiff's response is inaccurate and that plaintiff has not shown cause why he should not be deemed a high frequency litigant. To avoid forum shopping and in the interests of comity and fairness, the undersigned recommends declining supplemental jurisdiction over plaintiff's Unruh Act claims. <u>Vo v. Choi</u>, 49 F.4th 1167, 1171 (9th Cir. 2022) (expressing concerns over expressed "concerns about comity and fairness" by permitting plaintiffs to circumvent "California's procedural requirements.")

  III. <u>Legal Standard – Default Judgment</u>

  Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. <u>See</u> Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." <u>PepsiCo, Inc. v. Cal. Sec. Cans</u>, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (<u>citing</u> <u>Draper v. Coombs</u>, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

<u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily

disfavored. Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim"). A party's default does not establish the amount of damages. Geddes, 559 F.2d at 560.

IV. Discussion

A. The Eitel Factors Weigh in Favor of Granting Default Judgment

1. *Factor One: Possibility of Prejudice to Plaintiff*

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Here, plaintiff would potentially face prejudice if the court did not enter a default judgment. Absent entry of a default judgment, plaintiff would be without another recourse against defendants. Accordingly, the first Eitel factor favors the entry of a default judgment.

2. *Factors Two and Three: The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint*

The court considers the merits of plaintiff's substantive claim and the sufficiency of the complaint together below because of the relatedness of the two inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the

5

relief sought.  See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175.

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." Id. § 12182(b)(2)(A)(iv); see also Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011) (en banc). The ADA defines the term "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he or she] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his or her] disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). Furthermore, "[t]o succeed on a ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." Parr v. L & L Drive-Inn Rest., 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000); accord Hubbard v. 7-Eleven, Inc., 433 F. Supp. 2d 1134, 1138 (S.D. Cal. 2006).

Here, plaintiff's complaint alleges that: (1) he is disabled (ECF No. 1 at ¶ 10 ); (2) defendant owns, leases, and/or operates the Del Taco, which is a place of public accommodation (id. at ¶¶ 1, 4, 26); (3) plaintiff was denied full and equal access to defendant's facilities, privileges, and accommodations because of plaintiff's disability (id. at ¶ 10); (4) defendant's facility contains a specified architectural barriers (e.g., lack of accessible route of travel to the facility, improperly configured ramp, among others) in violation of the ADA (id. at ¶ 20); and (5) removal of the barriers was readily achievable (id. at ¶ 43).  Because plaintiff's allegations are taken as true following the entry of default, the court concludes that plaintiff has met his burden

to state a prima facie Title III discrimination claim.

Accordingly, the second and third Eitel factors favor the entry of a default judgment.

### 3. *Factor Four: The Sum of Money at Stake in the Action*

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). In this case, plaintiff seeks injunctive relief; $8,000 in statutory damages under the Unruh Civil Rights Act; and attorneys' fees and costs in the amount of $6,090. (ECF No. 18-1 at 8.) Because the court has declined supplemental jurisdiction over plaintiff's Unruh Civil Rights Act claims, plaintiff's request for statutory damages is moot. Thus, the sum of money at stake is $6,090 in attorneys' fees and costs. The court does not find the overall sum of money at stake to be so large or excessive as to militate against the entry of default judgment, particularly when reduced for the reasons discussed below. Under these circumstances, the court concludes that this factor favors the entry of a default judgment.

### 4. *Factor Five: The Possibility of a Dispute Concerning Material Facts*

Because the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default, there is no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177. As such, the court concludes that the fifth Eitel factor favors a default judgment.

### 5. *Factor Six: Whether the Default Was Due to Excusable Neglect*

In this case, there is no indication in the record that defendant's default was due to excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

### 6. *Factor Seven: The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits*

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782

7

F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to defend itself in an action. PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Accordingly, although the court is cognizant of the policy in favor of decisions on the merits—and consistent with existing policy would prefer that this case be resolved on the merits—that policy does not, by itself, preclude the entry of default judgment.

In sum, after considering and weighing all the Eitel factors, the court concludes that plaintiff is entitled to a default judgment against defendant, and recommends that such a default judgment be entered. All that remains is a determination of the specific relief to which plaintiff is entitled.

### B. Terms of the Judgment to Be Entered

#### 1. *Injunctive relief*

After determining that a party is entitled to entry of default judgment, the court must determine the terms of the judgment to be entered. Because plaintiff satisfactorily alleged his ADA claim, the court recommends that plaintiff be granted injunctive relief to remedy the architectural barriers at issue.

#### 2. *Damages*

Plaintiff's motion for default judgment also seeks $8,000 in statutory damages. (ECF No. 18-1 at 6.) However, because the court recommends declining supplemental jurisdiction over the Unruh Act claims, there is no basis upon which the court can grant statutory damages. Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III."). Accordingly, the undersigned recommends that plaintiff's request for statutory damages be denied as moot.

#### 3. *Fees*

The ADA specifically contemplates the award of attorneys' fees and costs. See 42 U.S.C. § 12205. Attorney's fee awards are calculated using the "lodestar" method whereby the hours reasonably spent in the litigation are multiplied by a reasonable hourly rate. Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (per curium). Here, plaintiff requests

8

attorneys' fees at a rate $357 per hour for work by attorneys Rick Morin and Bryce Fick for 14 hours of legal services, totaling $5,000 (rounded up). (ECF No. 18-1 at 9.) As discussed below the undersigned finds that both the requested hourly rates and hours spent are unreasonable, and recommends reductions for both the rate and the hours spent.

a. Reasonableness of Rate

Reasonable fees must be calculated based on the prevailing market rates charged by "attorneys in the relevant community engaged in 'equally complex Federal litigation.' " Van Skike v. Dir., Off. of Workers' Comp. Programs, 557 F.3d 1041, 1046 (9th Cir. 2009).

Here, although plaintiff requests attorneys at an hourly rate of $357, this request is unsupported.[4] Mr. Morin has been practicing law for approximately 11 years. (See ECF No. 18-12 at ¶ 2.) Mr. Fick has been practicing law for approximately six years. (See ECF No. 18-10 at ¶ 6.) Courts in the Eastern District repeatedly have found rates in the $250 to $350 per hour range to be a reasonable rate for attorneys with less than fifteen years of experience bringing actions under the ADA. See Whitaker v. Sheikh, 2022 WL 1262023, at *10 (E.D. Cal. Apr. 28, 2022) (awarding an hourly rate of $300 is appropriate for founding partner, an hourly rate of $250 for an attorney who has practiced law for more than 10 years, and $150 for an attorney who has practiced law for "more than five years"); Johnson v. Sweet Spark, Inc., 2020 WL 1324507, at *5 (E.D. Cal. March 20, 2020) (finding reasonable hourly rates of $300 for partners, $250 for senior attorneys, and $150 for junior attorneys) (citing Johnson v. Hey Now Properties, LLC, 2019 WL 586753, at *3 (E.D. Cal. Feb. 13, 2019)); Johnson v. Wen Zhi Deng, 2019 WL 1098994, at *2 (E.D. Cal. Mar. 8, 2019) ("[T]he rates outlined in Hey Now Properties are the appropriate, prevailing rates in this district ....").

Accordingly, the court finds that a reasonable hourly rate for Mr. Morin, who has 10 years

---

[4] Plaintiff states "courts use the rates of attorneys practicing in the forum district, here, the Northern District of California" and cites to a Northern District of California case. (ECF No. 18-1 at 10.) However, the Northern District of California is not the relevant legal community for purposes of this case. That said, plaintiff's counsel seems to acknowledge that the prevailing rate in the Eastern District (which is the relevant legal community) is below the rate he has requested, as plaintiff's briefing also cites to Johnson v. Patel, No. 2:15-cv-02298-MCE-EFB, at *7 (E.D. Cal. Mar. 14, 2017), where this court determined that $250-300 was a reasonable hourly rate. (ECF No. 18-1 at 10.)

of experience is $300 per hour, and a reasonable hourly rate for Mr. Fick, who has 5-10 years of experience is $225 per hour.

b. Reasonableness of Time Spent

A prevailing party is entitled to compensation for attorney time "reasonably expended on the litigation." Webb v. Board of Educ. of Dyer County, 471 U.S. 234, 242 (1985) (emphasis in original). Time is reasonably expended on the litigation when it is "useful and of a type ordinarily necessary to secure the final result obtained from the litigation." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 561 (1986) (cleaned up). The attorney's fee applicant bears the burden of establishing the appropriate number of hours expended. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); see also Jadwin v. County of Kern, 767 F.Supp.2d 1069, 1100 (E.D. Cal. 2011) ("The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked.") When submitting a request for an award of attorneys' fees, counsel should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. Hensley, 461 U.S. at 434.

i. Mr. Morin

The Ninth Circuit has recognized that work that is "clerical in nature ... should [be] subsumed in firm overhead rather than billed" and is therefore not recoverable. Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009). Time spent on tasks like "calendaring deadlines, confirming papers were filed, organizing files, and electronically filing documents" is not properly billable at an attorney or paralegal rate. Maldonado v. I.C. Sys., Inc., No. 2024 WL 1092913, at *3–5 (E.D. Cal. Mar. 13, 2024). Preparing and sending documents to the process server and speaking to the process server are also clerical tasks. Cervantes v. Vargas, 2018 WL 2455615, at *5–7 (E.D. Cal. June 1, 2018). See Brandt v. Astrue, 2009 WL 1727472, at *3 (D. Or. June 16, 2009) (preparing summons and civil cover sheet is clerical and not recoverable).

Here, plaintiff seeks to recover for 14 hours of attorney time by Mr. Morin and Mr. Fick. (ECF No. 18-1 at 9.) Based on the court's calculations of the time entries in the billing statement,

Mr. Morin spent 6.9 hours on this matter.  (ECF No. 18-7 at 2-7.)  However, as discussed below, a substantial portion of this time was spent on clerical tasks or tasks that were performed by another attorney, and are therefore not recoverable.

The billing statement submitted in support of plaintiff's request reflects the following entries by Mr. Morin for purely clerical tasks:

| Date | Task | Time |
| --- | --- | --- |
| 5/16/2023 | Draft civil cover sheet | 0.1 |
| | Finalize Complaint | 0.3 |
| | File complaint and pay filing fee | 0.2 |
| 6/2/2023 | Check in with process server | 0.1 |
| 6/5/2023 | Review update from process server. Send additional instructions. | 0.2 |
| 6/28/2023 | Review update from process server and respond with instructions | 0.1 |
| 8/10/2023 | Draft and serve service waiver package to both defendants | 0.2 |
| 10/10/2023 | Follow up with process server regarding service of process | 0.2 |
| 10/31/2023 | Review executed proof of service for Chi Mai. Calculate deadlines. File proof with the court. Pay invoice. | 0.3 |
| 11/21/2023 | Review file. Draft and file request for entry of default against defendant. | 0.3 |
| 1/16/2024 | File notice of voluntary dismissal of co-defendant we could not serve | 0.2 |

Because the above time entries are for purely clerical tasks, 2.2 hours should be reduced from Mr. Morin's hours spent on this matter.

Mr. Morin's entries on May 16, 2024; August 10, 2023; and January 26, 2024 also warrant reduction.  On May 16, 2024, Mr. Morin spent 0.2 hours to "review court filed documents, compile service package, and send to process server with instructions."  (ECF No. 18-7 at 3.)  This entry improperly combines recoverable time for attorney work (reviewing court filed documents) and nonrecoverable time for clerical work (compiling service package and sending to process server).  Cervantes, 2018 WL 2455615 at *5–7 (preparing and sending

11

documents to the process server and speaking to the process server are also clerical tasks). The court finds it proper to reduce this entry by 0.1 hours.

On August 10, 2023, Mr. Morin spent 0.8 hours to "[d]raft and file application for extension of time to serve defendants." (ECF No. 18-7 at 3.) The undersigned recommends that this entry be reduced by 0.5 hours, as it includes purely clerical tasks and because it concerns prosecution of a defendant who has now been dismissed from this case.

On January 26, 2024, Mr. Morin spent 1.1 hours to "[r]eview and finalize motion for default judgment. Serve to remaining defendant. File with court." (ECF No. 18-7 at 6.) This entry is problematic for two reasons. First, Mr. Morin cannot recover attorneys' fees for time spent on purely clerical work, such as serving defendant and filing with the court. Nadarajah, 569 F.3d at 921. Second, Mr. Morin's review of the motion for default judgment is redundant, as Mr. Fick also seeks reimbursement for time spent drafting, reviewing, and revising the motion for default judgment. (ECF No. 18-7 at 6.) The 1.1 hours billed for this entry is therefore not recoverable.

In sum, the court finds that a reduction of 3.9 hours of Mr. Morin's time spent on this matter is appropriate. The court subtracts 3.9 hours from the 6.9 hours spent by Mr. Morin, for a total of 3 recoverable hours. At a rate of $300 per hour, the undersigned recommends that plaintiff be awarded attorneys' fees for Mr. Morin's services totaling $900.

            ii.  Mr. Fick

Based on the court's review of the submitted billing statement, Mr. Fick spent 7.1 hours on this matter and completed most of the substantive work on this case. However, the hours spent warrant reduction because of redundant time entries. Hensley, 461 U.S. at 434; McKnight v. Hinojosa, 54 F.4th 1069, 1077 (9th Cir. 2022). On May 12, 2023, Mr. Fick entered multiple time entries for drafting the complaint. (See ECF No. 18-7 at 2, one 0.4 hour entry for drafting the complaint; ECF No. 18-7 at 3, two 0.2 hour time entries for drafting the complaint.) The court finds a reduction of 0.4 hours is appropriate.

Mr. Fick's work on the default judgment motion also contains redundant entries and thus warrants reduction. In total, Mr. Fick billed 5.7 hours for his work on the default judgment

motion, including time spent preparing the motion for default judgment, memorandum, supporting documentation and proposed order. (Id. at 4-7.) For example, on December 20, 2023, five nearly identical entries were made for work on the motion. (Id. at 4-5, "draft and prepare motion for default," "continue to prepare default judgment motion," "continue drafting supporting papers for motion for judgement," "continue drafting the memorandum in support of the motion for judgment…," "continuing to prepare default judgment motion, drafting statement of facts.") On December 22, 2023, Mr. Fick made four time entries for drafting and revising supporting papers. (Id. at 5.) On December 27, 2023, two time entries were made for reviewing and revising the supporting papers. (Id. at 6.)

Given these redundant time entries, the routine nature of this case, and the precedent in the Eastern District for reducing the hours billed for similar motions in similar ADA cases, the court finds it appropriate to reduce the hours spent on preparing and drafting the motion by 2.9 hours. See, e.g., Cervantes, 2018 WL 2455615, at *5–7 (4.50 hours was excessive for drafting and filing the motion for default judgment and several related documents, and was reduced by 1.5 hours); Acosta v. Hasan, WL 1075490, at *6 (E.D. Cal. Mar. 21, 2017) (reducing fees for a motion for default judgment to 1.0 hour of attorney time and 1.0 hour of paralegal time); Avalos v. Sidhu, 2021 WL 1961736, at *8 (E.D. Cal. May 17, 2021) (awarding 1.0 hours to prepare the application for default judgment and supporting documentation); Perri v. CA 199 Arcadia Owner LLC, 2020 WL 6939839, at *9 (C.D. Cal. Nov. 24, 2020) (awarding 0.9 hours to prepare the application for default judgment and supporting declaration).

In sum, the court finds that a reduction of 3.3 hours of Mr. Fick's time is appropriate. The undersigned recommends subtracting 3.3 hours from the 7.1 hours spent by Mr. Fick, for a total of 3.8 recoverable hours.[5] At a rate of $225.00, the court recommends that plaintiff be awarded attorneys' fees for Mr. Fick's services totaling $885. Combined with Mr. Morin's fees, the court recommends an award of $1,785 in attorneys' fees.

---

[5] Counsel is reminded of its obligation to make a good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary from a fee request, "just as a lawyer in private practice ethically is obligated to exclude such hours from a fee submission." Hensley, 461 U.S. at 434.

4. Costs

Plaintiff's counsel is also requesting costs incurred in this action, consisting of $40 to check if defendant is an active duty servicemember, $148 to serve defendant, a $402 court filing fee, and $500 for the services of a CASp inspector to perform a pre-lawsuit investigation of the property, for a total of $1,090. (ECF No. 18-1 at 10.)  The undersigned finds the requested costs are reasonable and recommends that plaintiff be awarded costs totaling $1,090.

## **RECOMMENDATIONS**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 18) be GRANTED in part;
2. Judgment be entered in plaintiff's favor and against defendant;
3. Plaintiff be awarded attorneys' fees in the amount of $1,785.
4. Plaintiff be awarded costs in the amount of $1,090.
5. Plaintiff be granted an injunction requiring defendant to cause the Property with the address 1601 Standiford Avenue in Modesto, California ("Property") to make the following changes and corrections:
    i. The path of travel from the public sidewalk featured cross slopes shall be modified to reduce the slope no more than 2% and a level changes of no more than half an inch.
    ii. The curb ramp transitions shall remove any and all gaps greater than ½ inch wide and shall be leveled or graded with level changes of no more than ½ inch.
    iii. The accessible parking shall be painted with blue striping and other paint to be in compliance with the applicable provisions of the California Building Code and graded with slopes no greater  2%.
    iv. All curb ramps in the path of travel to the facility shall have side flare slopes of no more than 10%.
    v. The exterior patio seating at Del Taco shall have at least 5% of the seating provided in the outdoor seating area be accessible in accordance with 11B-

14

|   |   |   |   |
|---|---|---|---|
| 1 | | | 226 and 11B-902 of the California Building Code and/or Section 226.1 and |
| 2 | | | 902 of the 2010 ADA Standards. |
| 3 | | vi. | Inside the establishment, the sales counter shall be altered to be no higher |
| 4 | | | than 34 inches. |
| 5 | | vii. | Bathroom facilities shall be altered so that the sink height does not exceed |
| 6 | | | 34 inches, the drainpipe of the sink is insulated, and the seat cover |
| 7 | | | dispenser is made accessible. |
| 8 | | viii. | Defendant shall make the changes and corrections outlined in this order |
| 9 | | | within 365 days of service of the order. |
| 10 | 6. | | The court decline to exercise supplemental jurisdiction over plaintiff's Unruh Act |
| 11 | | | claims and plaintiff's request for statutory damages be denied as moot; and |
| 12 | 7. | | The Clerk of Court be directed to close this case. |

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: April 19, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21, dozi.0759

15