UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE DOZIER,<br><br>          Plaintiff,<br><br>     v.<br><br>CHI MAI, et al.,<br><br>          Defendants. | No. 1:23-cv-0759-DAD-CKD<br><br>FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(ECF No. 18) |

This matter is before the Court on Plaintiff Lee Dozier's motion for default judgment. (ECF No. 18.) This motion was referred to the undersigned pursuant to Local Rule 302(c)(19). The matter was taken under submission without appearance and oral argument pursuant to Local Rule 230(c) and (g). (ECF No. 22.) For the reasons stated below, the Court recommends that Plaintiff's motion be granted.

**I.     BACKGROUND**

Plaintiff initiated this action on May 16, 2023, alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq*. ("ADA") and California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51 *et seq*. against Defendants Hang Bui and Chi Mai. (ECF No. 1.) On January 16, 2024, Plaintiff filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) as to Defendant Hang Bui. (ECF No. 17.) Accordingly, this action proceeds as to Defendant Chi Mai ("Defendant") only.

1   As alleged in the Complaint, Plaintiff is 80 years old and disabled. (ECF No. 1 at 2.)
2   Plaintiff suffers from mobility issues and utilizes a ride-on scooter daily. (*Id*. at 2-3.) Defendant is
3   alleged to be the natural person who owns, manages, or is otherwise responsible for the property
4   at address 1601 Standiford in Modesto, California ("the Property") where the Del Taco is located
5   and operated. (*Id*. at 1.) Plaintiff asserts that the Property is a public accommodation and business
6   establishment. (*Id*. at 4.)

7   Plaintiff lives less than two miles from the Del Taco and visited the Property on April 27,
8   2023. (*Id.* at 3, 5.) Plaintiff purchased a soft taco for lunch and alleges he encountered many
9   accessibility problems. (*Id*. at 3-4.) Plaintiff alleges the following accessibility barriers at the
10  Property: (1) the path of travel from the public way sidewalk to the entrance of the Del Taco has
11  cross slopes that are greater than 2% and has changes in level greater than 1/2 an inch high; (2)
12  the transition at the curb ramp has a gap that is 1 inch too wide and a significant change in level;
13  (3) the accessible parking is defective because the access aisle is not outlined with blue striping,
14  the cross hatching in the access aisle is faded, the parking space is less than 18 feet long, and has
15  slopes greater than 2%; (4) one of the curb ramps in the path of travel to the entrance of the Del
16  Taco has side flare slopes that incline up to 24.5%; (5) the exterior patio of the Property has fixed
17  seating but no accessible tables; (6) the Del Taco sales counter is 36 inches high; and (7) in the
18  Del Taco bathroom, the top of the sink is higher than 34 inches above the floor, the drainpipe is
19  not fully insulated, and the seat cover dispenser is above the toilet in an inaccessible location. (*Id*.
20  at 3-4.) Plaintiff enjoys the food offered at the Property and will return to the Property once the
21  accessibility barriers are removed. (*Id*. at 5.)

22  On August 10, 2023, Plaintiff was granted an extension of time to complete service on
23  Defendant. (ECF No. 6.) Plaintiff timely served the summons and complaint on Defendant. (ECF
24  No. 12.) The clerk entered default as to Defendant. (ECF No. 15.) On January 16, 2024, Plaintiff
25  moved for default judgment. (ECF No. 18.) The motion for default judgment was served on
26  Defendant. (ECF No. 18-3.) Defendant did not respond to the motion. On February 5, 2024, the
27  Court vacated the hearing and took the matter under submission pursuant to Local Rule 230(c)
28  and (g). (ECF No. 22.)

1    Defendant first appeared in this action on February 20, 2024, by filing a document titled
2 "non-negotiable notice of inquiry." (ECF No. 23.) On March 21, 2024, the Court issued an order
3 to show cause directing Plaintiff to address why the Court should not decline to exercise
4 supplemental jurisdiction over Plaintiff's Unruh Act. (ECF No. 24.) Plaintiff filed his response
5 (ECF No. 26) and Defendant filed responses labeled as "non-negotiable notice of appearance"
6 (ECF Nos. 25, 27). On April 22, 2024, the Court issued Findings and Recommendations granting
7 in part and denying in part, Plaintiff's motion for default judgment. (ECF No. 28.) After receiving
8 the parties' responses (ECF Nos. 29, 30, 31), the Court vacated the April 22, 2024, Findings and
9 Recommendations and provided Defendant one additional, final opportunity to oppose the motion
10 (ECF No. 32). Defendant was warned that failure to oppose the motion would be deemed as a
11 consent to a summary grant of the motion and that "[a]ny filings that are ambiguous and do not
12 clearly state Defendant's intention to oppose the motion for default judgment will be construed as
13 not opposing the motion." (*Id*. at 2.) In response, Defendant filed numerous ambiguous filings
14 that the Court construes as a non-opposition to the motion. (ECF Nos. 34 at 1 ("we do not argue
15 the facts, jurisdiction, law, or venue."), 36 at 1 ("we do not argue the facts, jurisdiction, law, or
16 venue."), 38 at 1 ("we do not argue the facts, jurisdiction, law, or venue.") 42 at 1 ("we do not
17 argue the facts, jurisdiction, law, or venue.").)[1] Plaintiff filed a reply. (ECF No. 41.)

18   **II.    MOTION FOR DEFAULT JUDGMENT**

19   Plaintiff moves for default judgment on all counts and seeks injunctive relief, statutory
20 damages, attorney's fees, litigation expenses and costs. (ECF No. 18-1.)

21   **B. Legal Standards**

22   Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party
23 against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend
24 against the action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not
25 automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. California Sec.*
26 *Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915,

---

[1] Defendant also filed numerous nonsensical documents labeled as "Notice[s] of Dishonor." (ECF Nos. 37, 39, 40.)

924–25 (9th Cir. 1986)); *see* Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the District Court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Default judgments are ordinarily disfavored. *Id*. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); *see also Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)); *accord DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (citation and quotation marks omitted); *Abney v. Alameida*, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim."). A party's default does not establish the amount of damages. *Geddes*, 559 F.2d at 560.

C.  **The *Eitel* Factors**

　　a.  **Factor One: Possibility of Prejudice to Plaintiff**

The first *Eitel* factor considers whether the plaintiff would suffer prejudice if default is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a default judgment. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Here, Plaintiff would suffer prejudice if the

4

Court did not enter default judgment. Absent an entry of a default judgment, Plaintiff would be without recourse for recovery for the alleged violations. Accordingly, the first *Eitel* factor favors the entry of default judgment.

### b. Factor Two and Three: Merits of Claims and Sufficiency of Complaint

The Court considers the second and third factors – the merits of Plaintiff's substantive claims and the sufficiency of the Complaint – together due to the relatedness of the two inquires. The Court must consider whether the allegations in the Complaint are sufficient to state a claim that supports the relief sought. *See Danning*, 572 F.2d at 1388; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175. Here, the merits of the claims and sufficiency of the Complaint favor entry of default judgment.

Plaintiff brings claims under the ADA and California's Unruh Civil Rights Act.

### 1. *ADA Claim (First Cause of Action)*

"Title III of the ADA prohibits discrimination in public accommodations...." *Kohler v. Bed Bath & Beyond of California, LLC*, 780 F.3d 1260, 1263 (9th Cir. 2015). The elements of a Title III claim are: (1) plaintiff is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was discriminated against by the defendant because of plaintiff's disability. 42 U.S.C. § 12182(a); *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). Discrimination, in this context, includes "a failure to remove architectural barriers ... in existing facilities ... where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

Plaintiff has adequately alleged that he is disabled within the meaning of the ADA and that Defendant is operating a place of public accommodation. (ECF No. 1 at 2-3, 4.) Plaintiff alleges multiple types of discrimination in this case result from Defendant's failure to provide adequate accessible parking, accessible entry to the Property, accessible tables on the exterior patio, and accessible sales counter and bathroom amenities. First, Defendant failed to remove architectural barriers at the Property where such removal is readily achievable in violation of 42 U.S.C. § 12182(b)(2)(A)(iv). Second, Defendant failed to design and construct an accessible Property usable by individuals with disabilities in violation of 42 U.S.C. § 12183(a)(1). Third,

Defendant failed to make an altered facility accessible to individuals with disabilities in violation of 42 U.S.C. § 12183(a)(2). Lastly, Defendant failed to maintain accessible features in violation of 28 C.F.R. Part 36.211.

The facts alleged in Plaintiff's complaint adequately detail the claimed violations, and taken as true, support Plaintiff's ADA claim. (ECF No. 1.) The Americans with Disabilities Act Accessibility Guidelines, found in the ADA's implementing regulations at 28 C.F.R. Part 36 ("ADAAG") has been held by the Ninth Circuit to provide the "objective contours of the standard that architectural features must not impede disabled individuals' full and equal enjoyment of accommodations." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011). Plaintiff alleges there was inadequate accessible parking, and that there were excessive slopes, making it impossible and hazardous for him to navigate to the building in violation of ADAAG guidelines. (*Id*. at 3-4.) Because plaintiff has alleged violations of the ADAAG that relate to his disability, he has properly alleged violations of the ADA. The merits of plaintiff's case thus favor entry of default judgment.

### 2.  *The Unruh Act (Second Cause of Action)*

Under California's Unruh Act, "[a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990...shall also constitute a violation of this section." Cal. Civ. Code § 51(f). In addition, the Unruh Act independently prohibits discrimination, if it is done in contravention of Section 51. Cal. Civ. Code § 52(a). Section 52(a) provides for statutory damages of no less than $4,000 for each violation, and attorney's fees. *Id.* Because Plaintiff has shown that Defendant is in violation of Title III of the ADA, he has also shown that Defendant is in violation of the Unruh Civil Rights Act. *Lentini v. California Ctr. for the Arts, Escondido*, 370 F.3d 837, 847 (9th Cir. 2004) ("a violation of the ADA is, per se, a violation of the Unruh Act"). Plaintiff is therefore entitled to a default judgment on this claim.

Accordingly, the second and third *Eitel* factors favor the entry of a default judgment on both the ADA and Unruh Act claims.

///

///

### c. Factor Four: The Sum of Money at Stake in the Action

Under this *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176–77. Plaintiff seeks $8,000.00 in statutory damages, and $6,090.00 in attorney's fees and costs. ECF No. 18-1 at 10. The Complaint offers no information about the Defendant's financial condition, so the Court cannot tell if this is a significant amount of money to Defendant. Furthermore, despite Defendant appearing after the filing of the motion, and subsequently filing numerous ambiguous filings indicating it did not oppose the motion, Defendant did not seek to contest or avoid a judgment of this size. This factor accordingly weighs in favor of a default judgment.

### d. Factor Five: Possibility of Dispute Concerning Material Fact

The facts of this case are relatively straightforward, and Plaintiff has provided the Court with well-pleaded allegations supporting its claims and affidavits in support of its allegations. Here, the Court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default and, thus, there is no likelihood that any genuine issue of material fact exists. *See*, *e.g.*, *Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); *accord Philip Morris USA, Inc.*, 219 F.R.D. at 500; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.

### e. Factor Six: Whether Default Was Due to Excusable Neglect

Upon review of the record before the Court, there is no indication that the default was the result of excusable neglect. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Plaintiff served the Defendant with the summons and complaint. (ECF No. 12.) Moreover, Plaintiff served Defendant by mail with notice of its application for default judgment. ECF No. 18-3. Despite ample notice of this lawsuit and Plaintiff's intention to seek a default judgment, Defendant did not seek to defend this action. On the contrary, Defendant filed numerous filings stating, "we do not argue the facts, jurisdiction, law, or venue." (ECF Nos. 36 at 1, 38 at 1, 42 at 1.) Thus, the record supports a conclusion that Defendant has chosen not to defend this action, and not that the default

resulted from any excusable neglect. Accordingly, this *Eitel* factor favors the entry of a default judgment.

### f. Factor Seven: Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Accordingly, although the Court is cognizant of the policy favoring decisions on the merits-and consistent with existing policy would prefer that this case be resolved on the merits-that policy does not, by itself, preclude the entry of default judgment.

Upon consideration of the *Eitel* factors, the Court concludes that Plaintiff is entitled to the entry of default judgment against Defendant and makes a recommendation to that effect. What remains is the determination of the amount of damages to which Plaintiff is entitled.

### D. Terms of Judgment

Plaintiff requests statutory damages and attorney's fees under Title III of the ADA and the Unruh Civil Rights Act, along with injunctive relief.

#### a. Attorney's Fees

Attorney's fee awards are calculated using the "lodestar" method whereby the hours reasonably spent in the litigation are multiplied by a reasonable hourly rate. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (per curium). The hourly rate is generally calculated "according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). It is also the general rule that the court will use the rates of attorneys practicing in the forum district. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992).

Plaintiff requests attorney fees at an hourly rate of $357 for 14 hours work totaling $5,000 (rounded up) in legal fees. (ECF No. 18-1 at 9.) Attorney Rick Morin provided an itemized billing statement with time entries for himself and Attorney Bryce Fick. (ECF Nos. 18-7, 18-12.) Attorney Morin has been practicing law since 2012 (ECF No. 18-12 at 1) and Attorney Fick has

8

been practicing law since 2018 (ECF No. 18-10 at 2). Courts in the Eastern District repeatedly have found rates in the $250 to $350 per hour range to be a reasonable rate for attorneys with less than fifteen years of experience bringing actions under the ADA. *See Whitaker v. Sheikh*, 2022 WL 1262023, at *10 (E.D. Cal. Apr. 28, 2022) (awarding an hourly rate of $300 is appropriate for founding partner, an hourly rate of $250 for an attorney who has practiced law for more than 10 years, and $150 for an attorney who has practiced law for "more than five years"); *Johnson v. Sweet Spark, Inc.*, 2020 WL 1324507, at *5 (E.D. Cal. March 20, 2020) (finding reasonable hourly rates of $300 for partners, $250 for senior attorneys, and $150 for junior attorneys) (citing *Johnson v. Hey Now Properties*, LLC, 2019 WL 586753, at *3 (E.D. Cal. Feb. 13, 2019)); *Johnson v. Wen Zhi Deng*, 2019 WL 1098994, at *2 (E.D. Cal. Mar. 8, 2019) ("[T]he rates outlined in Hey Now Properties are the appropriate, prevailing rates in this district ...."). Based on this case law, the affidavits presented (ECF Nos. 18-10, 18-12), and the detailed billing statement (ECF No. 18-7), the Court finds a rate of $300 per hour is the appropriate rate under the circumstances, and that the billed hours are reasonable, justifying a total fee award of $4,200 ($300 x 14 hours).

Plaintiff also seeks $1,090 in costs and litigation expenses. (ECF No. 18-1 at 9.) Section 12205 of the ADA provides that a District Court, "in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. The statutory provisions of the ADA provide direct authority for the award of expert witness fees as litigation expenses under the ADA. *See Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002). The costs here include expenses for the court filing fee, costs of service, and pre-filing investigation, which are compensable pursuant to 42 U.S.C. § 12205 and *Lovell*, 303 F.3d at 1058. (ECF No. 18-1 at 9.) Plaintiff's request for costs in the amount of $1,090 for litigation costs and expenses is appropriate.

Accordingly, the Court will recommend that Plaintiff be awarded a total of $4,200 in attorney's fees and costs, along with $1,090 in filing fees and costs.

///

///

### b. Statutory Damages

The Unruh Civil Rights Act provides for, among other things, minimum statutory damages of $4,000 per violation. Cal. Civ. Code § 52(a); *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1133 (C.D. Cal. 2005) (the Unruh Act "provides for statutory damages up to a maximum of three times the actual damages but no less than $4,000 for each instance of discrimination"). To recover statutory minimum damages, a plaintiff need only show he was denied full and equal access, not that he was wholly excluded from enjoying defendant's services. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 835 (9th Cir. 2000). "A plaintiff is denied full and equal access only if the plaintiff personally encountered the violation on a particular occasion, or the plaintiff was deterred from accessing a place of public accommodation on a particular occasion. Cal. Civ. Code § 55.56(b). Plaintiff asserts that he is entitled to $8,000.00, in statutory damages pursuant to the Cal. Civ. Code § 52(a). (ECF No. 18-1 at 6.) Plaintiff has sufficiently alleged facts indicating that he visited the Property on one occasion and encountered barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered. (*Id.*) Plaintiff has also sufficiently alleged facts indicating that on a subsequent visit he was deterred from entering the interior of the Property and was instead limited to the drive-thru because of the barriers. (*Id.*) Thus, Plaintiff is entitled to $8,000 in statutory damages. *Johnson v. Guedoir*, 218 F. Supp. 3d 1096, 1103 (E.D. Cal. 2016).

### c. Injunctive Relief

Plaintiff's Complaint seeks an injunction requiring Defendant to make changes and accommodations at the subject facility in a manner that achieves compliance with federal and state regulations. (ECF No. 18-1 at 4.) As the factual allegations in the Complaint are taken as true, Plaintiff is entitled to injunctive relief as requested pursuant to both state and federal law. *See Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III.").

### III. CONCLUSION

For the reasons stated above, it is hereby RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 18) be GRANTED;

2.     The Court enter judgment against the Defendant on the Complaint's claims in the amount of $13,290 (comprising $8,000 in statutory damages, $4,200 in attorney's fees and $1,090 in costs);

3.     Defendant make changes and accommodations at the subject Property, Del Taco, located at 1601 Standiford in Modesto, California, in compliance with the Americans with Disabilities Act Accessibility Guidelines; and

4.     This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. *Id*.; *see also* Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. Local Rule 304(d). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  June 17, 2024

                                                CAROLYN K. DELANEY
                                                UNITED STATES MAGISTRATE JUDGE

4, dozi0759.23